U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 09 2001

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PAM HERNANDEZ, ANTHONY HERNANDEZ                          PLAINTIFFS
JESSICA HERNANDEZ AND DANIEL HERNANDEZ

NO. 4-01-CV-00442-WRW

FLEET MORTGAGE GROUP, INC.                                 DEFENDANT

COMPLAINT   This case assigned to District Judge Wilson
            and to Magistrate Judge Forster

Plaintiffs allege:

1. Plaintiffs are residents of the eastern district of Arkansas and were at the time these causes of action arose. This is an action for personal injury and damage and loss of real and personal property. The injuries occurred in White County, Arkansas, in the eastern district and the property lost and damaged was located in the eastern district. The defendant is a foreign corporation doing business in the eastern district. This court has jurisdiction over the persons under 28 U.S.C. 1332. Pam and Anthony Hernandez are the parents of Jessica and Daniel Hernandez.

COUNT ONE-WRONGFUL FORECLOSURE

2. Defendant took plaintiffs' home by a non-judicial sale at which defendant was both the buyer and seller without actual notice to plaintiffs which is unconstitutional and therefore unlawful and wrongful. The defendant had plaintiffs' address and could have given actual notice by process server had it wanted plaintiffs to actually receive notice as defendant had plaintiffs served by process server immediately thereafter with a writ of possession. There was state action as the sale took place at the county courthouse and was followed by a writ of possession by White County Chancery Court. The taking of the real estate was wrongful for the

additional reasons that: (a) the notice defendant asserts was published said that plaintiffs here executed a mortgage to First National Bank, Searcy, Arkansas, but didn't say what interest, if any, defendant had in the property or where in the White County Courthouse the sale would be; (b) a letter which defendant says it sent to plaintiffs didn't say when and where the sale would be and (c) the mortgage plaintiffs executed to First National Bank, Searcy, Arkansas, gives the lender the right to proceed by judicial proceeding only, not by non-judicial foreclosure, the method used by defendant in this case. Plaintiffs believe and on that ground allege that they were not in default at the time of sale but if they were in default they could have easily cured it had they been given actual notice. Plaintiffs had about $21,000 in equity in the house at the time of the taking. Defendant wrongfully refused to allow plaintiffs to pay the balance, which they could have done if given the chance.

COUNT TWO-CONVERSION OF PERSONAL PROPERTY

3. Defendant conveyed the home to HUD without permitting plaintiffs to remove their personal property from it and in fact drove plaintiffs from their home with the White County Sheriff's office while plaintiffs were in the very act of moving their personal property. Defendant had obtained a writ of possession to remove plaintiffs from the property but did not give plaintiffs the statutory five-day notice or any notice prior to obtaining an order of possession. In addition, defendant waited until after the time for appealing the order of possession before serving it, depriving plaintiffs of any remedy but this one. Plaintiffs were not

permitted to take or store their personal property which was then taken by unknown persons who plaintiffs believe to be employees of HUD which would not have been possible had defendant given plaintiffs the opportunity to remove it themselves. Defendant knew or should have known that HUD employees would have considered the personal property abandoned when they found it in the home and therefore theirs to take which they did. Plaintiffs lost most of their furniture, clothes, memorabilia such as Jessica's crowns from beauty contests and each plaintiff suffered considerable mental anguish and embarrassment. Anthony suffered the loss of his tools, car parts and automobile work in progress, which put him out of business, and suffered past and future lost income and loss of earning capacity. All of this damaged plaintiffs in sums exceeding the jurisdictional limit for diversity cases.

4. The acts of defendant were intentional, malicious and callous, justifying punitive damages for each plaintiff in sums exceeding the jurisdictional limits for diversity cases.

WHEREFORE, plaintiffs pray for judgment against defendant in sums for compensatory and punitive damages exceeding the jurisdictional limits for diversity cases, attorney's fees, costs and other proper relief.

                                      R. David Lewis 68030
                                      Attorney for plaintiffs
                                      1109 Kavanaugh
                                      Little Rock, Arkansas
                                      72205
                                      (501) 664-0818